IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

No. 11-15292-BB
_____

TINA MARIE TRAVAGLIO,

Plaintiff-Appellant,

versus

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.,
HEALTHEXTRAS, INC. n/k/a CATAMARAN
HEALTH SOLUTIONS, LLC and BANK OF NEWPORT,

Defendants-Appellees.
_____

RESPONSE TO JURISDICTIONAL QUESTIONS BY
AMERICAN EXPRESS DEFENDANTS AND
HEALTHEXTRAS, INC.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF FLORIDA
_____

> Joel V. Lumer
> Kahan Shir, PL
> Attorneys for American Express
> Corporation. American Express Travel
> Related Services Company, Inc. and Health
> Extras, Inc. n/k/a Catamaran Health
> Solutions, LLC
> 1800 N.W. Corporate Boulevard- Suite 200
> Boca Raton, Florida 33431
> Tel: 561-999-5999
> Fax: 561-893-0999

CERTIFICATE OF INTERESTED PERSONS

Appellees, American Express Company, American Express Travel Related Services Company, Inc. and HealthExtras, Inc. n/k/a Catamaran Health Solutions, LLC, certify that the following is a list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal:

1. American Express Company (ticker symbol: AXP) - appellee

2. American Express Travel Related Services Company, Inc. - appellee

3. Bank of Newport n/k/a BankNewport - appellee

4. Clark & Martino - attorneys for American Express entities

5. Covington, Virginia M. Hernandez - trial judge

6. Crist, Matthew - attorney for American Express entity

7. Galeoto, Laureen E. - attorney for American Express entities

8. Greenberg Traurig, P.A. - attorneys for American Express entities

9. Health Extras, Inc. n/k/a Catamaran Health Solutions, LLC

10. Kahan Shir, PL - attorneys for HealthExtras, Inc. and American Express entities.

11. Kramer, William D. - attorney for Tina Marie Travaglio

12. Lumer, Joel V. - attorney for HealthExtras, Inc. and American Express entities.

13. Mello, Kimberly S. - attorney for American Express entities

14. Ocean Point Financial Partners, LLC - owner of appellee Bank of Newport

15. Porcelli, Anthony E. - magistrate judge

16. Shir, Guy M. - attorney for HealthExtras, Inc.

17. Sweitzer, Kathleen A. - attorney for Bank of Newport

18. Travaglio, Tina Marie- appellant

19. Tressler, LLP - attorneys for Bank of Newport

20. Weekly, Paul M. - attorney for Bank of Newport

21. Weekly Schulte Valdes, LLC - attorney for Bank of Newport

22. Zimmer, Hilary R - attorney for Bank of Newport


/s/ Joel V. Lumer
Joel V. Lumer

CORPORATE DISCLOSURE STATEMENT

Appellee, HealthExtras, Inc. n/k/a Catamaran Health Solutions, LLC, certifies it is a wholly owned subsidiary of Catamaran, Inc., which is a wholly owned subsidiary Catamaran Corporation (NASDAQ: CTRX), a publicly traded company.  T. Rowe Price Associates, Inc., a subsidiary of T. Rowe Price Group, Inc. (NASDAQ: TROW) owns more than 10% of the stock of Catamaran

Docket No. 11-15292-BB
Travaglio v. American Express Company

Corporation. FMR, LLC, a privately owned company which markets mutual funds owns more than 10% of the Catamaran Corporation.

Appellees, American Express Company and American Express Travel Related Services Company, Inc., certify that American Express Company (NYSE: AXP), a publicly traded company, is the corporate parent of American Express Travel Related Services Company, Inc. and that American Express Company has no corporate parent. Berkshire Hathaway, Inc. (NYSE: BRK), a publicly traded company, together with its affiliates, holds more than 10% of the stock of American Express Company.

> /s/ Joel V. Lumer
> Joel V. Lumer

RESPONSE TO JURISDICTIONAL QUESTIONS

Appellees, American Express Company, American Express Travel Related Services Company, Inc. and HealthExtras, Inc. n/k/a Catamaran Health Solutions, LLC, respond to the Jurisdictional Questions presented by the court on October 31, 2012 and show the following:

Question 1

Question: Address whether this case involves a "direct action against the insurer of a policy or contract of liability insurance." 28 U.S.C. § 1332(c)(1). If so, address what effect this has on the district court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a), (c)(1)(A).

Response: HealthExtras, Inc. n/k/a Catamaran Health Solutions, Inc., is not an insurer and the Complaint filed in the district court (Document 1) does not allege that HealthExtras, Inc. is an insurer or insurance company. Plaintiff filed with the district court the Affidavit of David T. Blair, the chief executive officer of HealthExtras, Inc. (Document 28-1), which states at page 2: "The insurance coverages are underwritten by highly rated insurance companies, as HealthExtras is neither an insurance company nor an insurance agent." Inasmuch as HealthExtras, Inc. is not an insurer and did not issue a policy of insurance, plaintiff's complaint is not a direct action against that defendant as an insurer of a

5

policy or contract of liability insurance.

The Complaint filed in the district court does not allege that American Express Travel Related Services Company, Inc. is an insurer or insurance company. Paragraph 3 of the Complaint (Document 1, pp. 1-2) alleges that this defendant "participated with American Express Company in promoting travel-related sales programs and is believed to have been active in the program that is the subject of plaintiff's claims." There is no other mention in the Complaint of American Express Travel Related Services Company, Inc. Inasmuch as the Complaint does not allege that this defendant issued a policy of insurance, plaintiff's complaint is not a direct action against that defendant as an insurer of a policy or contract of liability insurance.

The allegations of the Complaint against defendant, American Express Company, must be viewed in their totality and one allegation should not be taken out of its proper context. Paragraph 14 of the Complaint (Document 1, p. 4) states at the part pertinent to the question presented: "    Plaintiff settled her differences and executed a confidentiality agreement with the insurer in a case filed with this Court in September 2009 as Civil Action No. 8:09cv1961-T33-EAL." The natural inference from this statement is that the insurer of the policy or contract of insurance described in the Complaint is a corporation other than American Express

Company. This construction of the allegations of the Complaint is supported by Plaintiff's Response to Defendants' American Express Company's and American Express Travel Related Service Company, Inc.'s Motion to Dismiss (Document 12) which states at pages 1-2: "American Express's preliminary statements suggest incorrectly that Plaintiff's claim for relief is an insurance case instead of American Express's fraudulent acts of posing as an insurance company before and for years after Plaintiff's accident." Inasmuch as the Complaint does not allege that American Express Company is an insurance company which issued a policy of insurance, plaintiff's complaint is not a direct action against that defendant as an insurer of a policy or contract of liability insurance.

Question 2

Question: Address whether the pleadings sufficiently alleged diversity of the parties so as to invoke the district court's subject matter jurisdiction in this case, specifically the citizenship of:

    a.    plaintiff Tina Marie Travaglio. 28 U.S.C. § 1332(a); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n. 12 (11th Cir. 2011)(noting that the complaint must allege the citizenship, not residence, of individuals); AND

    b.    the various defendants. 28 U.S.C. § 1332(c)(1). *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 n. 1 (5th Cir. 1979)(stating that a corporation

is deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business, and that the plaintiffs are required to provide this information in their pleadings.)

Response

a. Plaintiff Tina Marie Travaglio. The Complaint alleges that plaintiff is a resident of the State of Florida, but does not allege plaintiff is a citizen of Florida (Document 1, p. 1). Plaintiff's Response to Bank of Newport's Motion to Dismiss Her Complaint (Document 29) states at paragraph 2 on page 2: "Plaintiff's primary residence was, and still is, Florida, although plaintiff maintained a temporary secondary residence in Ohio." The law of this circuit on citizenship, domicile and primary residence for purposes of diversity jurisdiction is set out in *McCormick v. Aderholdt*, 293 F.3d 1254 (11th Cir. 2002), where the court stated: "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. [citation omitted]. 'A person's domicile is the place of "his true, fixed, and permanent home…"'" 293 F.3d at 1257-58 (footnote omitted). In sum, because plaintiff's primary, permanent residence is in Florida, her domicile is in Florida and she is a citizen of the State of Florida.

The United States Supreme Court addressed the issue presented by Question 2.a in the case of *Sun Printing & Publishing Association v. Edwards*, 194 U.S. 377

(1904), and stated:

> The whole record, however, may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient.

194 U.S. at 382. This holding was quoted with approval in *District of Columbia ex. rel. American Combustion, Inc. v. Transamerica Insurance Company*, 797 F.2d 1041, 1044 (D.C. Cir. 1986).

This court held in *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001): "Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists." 269 F.3d at 1320. *See also Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)("Where the pleadings are found wanting, an appellate court may also review the record for evidence that diversity does exist."); and *Troupe v. Chicago, Duluth & Georgian Bay Transit Co.*, 234 F.2d 253, 258 n. 6 (2d Cir. 1956)("The whole record may be looked to for the purpose of curing a defective averment of jurisdiction.")

In *Molinos Valle Del Cibao, C. por A. v. Lama*, in considering an issue analogous to the court's inquiry in the present case, this court did not require

citizenship be properly alleged in a complaint and gave substantial weight to a statement in an answer and the parties' joint pretrial stipulation that a defendant "was domiciled within the City of Aventura, Florida." 633 F.3d at 1342. In light of that statement, the court concluded at footnote 12:

> We need not dismiss the amended complaint, however. 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Because we read this provision liberally, *see Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir.1980), we will allow Oscar Sr.'s admissions and record evidence to cure Molinos's pleading defect.

*Id.* at 1342 n. 12. Similarly, the statements in the record in the present case should be taken to cure the pleading defect of the plaintiff's citizenship in the present action.

    b.    The various defendants. Paragraph 2 of the Complaint alleges that American Express Company is a New York corporation: it does not allege the location of its principal place of business. The location of the principal office of American Express Company in New York, New York is a fact that is not subject to reasonable dispute because it is both: (1) generally known within the trial court's territorial jurisdiction and (2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned.[1] The Corporation Annual Report readily available on the website of the Florida Secretary of State[2] shows its principal office at 200 Vesey Street, New York, NY. The identical information is readily available on the website of the New York Department of State Division of Corporations[3]. This same information is also available on the 10-K Annual Report filing on the website of the U.S. Securities and Exchange Commission.[4]

The Complaint does not allege either the state of incorporation or the location of the principal place of business for any of the defendants; American Express Travel Related Services Company, Inc.; HealthExtras, Inc.; or Bank of Newport.

Plaintiff filed with the court the Affidavit of David T. Blair, the chief executive officer of Health Extras, Inc. (Document 29-1). The affidavit states at paragraph 1 on page 1: "HealthExtras is a Delaware corporation with its principal place of business in Rockville, Maryland." In addition, the Motion to Dismiss Complaint and Quash Service of Process filed by HealthExtras, Inc. (Document 15), states at paragraph 16 on page 5 that HealthExtras, Inc. "is a Delaware

---

[1] Fed. R. Evid. 201 allows judicial notice of a fact if it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
[2] http://sunbiz.org/scripts/cornamelis.exe
[3] http://appext9.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY
[4] http://www.sec.gov/Archives/edgar/data/4962/000119312512077400/d281394d10k.htm

11

corporation with its principal office in Rockville, Maryland."  A party's admission of its corporate citizenship showing that its citizenship is diverse from the plaintiff's, which in turn subjects the defendant to the court's diversity jurisdiction, has been held by this court to be sufficient "record evidence to cure [plaintiff's] pleading defect." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d at 1342 n. 12.  When the court views the whole record in this case, it is apparent that the record contains sufficient declarations to determine the citizenship of HealthExtras, Inc. and to conclude that its citizenship is diverse from the citizenship of plaintiff, Tina Marie Travaglio.

Bank of Newport n/k/a BankNewport filed with the district court the Affidavit of Sandra E. Pattie, its executive vice-president, chief operating officer and corporate secretary (Document 25-2).  The affidavit states at paragraph 5 on page 1:  "The Bank is incorporated and domiciled in Rhode Island only."  It also states at paragraph 6: "The Bank's only locations/branches are in Rhode Island." In addition, the Defendant Bank of Newport's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Document 25) states at page 7, "the Bank is incorporated and domiciled in Rhode Island; the Bank's only locations are in Rhode Island …." When the court views the whole record in this case, it is apparent that the record contains sufficient declarations to determine the citizenship of the Bank of

Newport and to conclude that its citizenship is diverse from the citizenship of the plaintiff, Tina Marie Travaglio.

American Express Travel Related Services Company, Inc. hereby stipulates that it is a New York corporation with its principal office at 200 Vesey Street, New York, NY. This information is a fact that is generally known within the territorial jurisdiction of the Middle District of Florida which can be can be accurately and readily determined from the websites of the Florida Secretary of State and New Department of State Division of Corporations, whose accuracy cannot reasonably be questioned. It is permissible for parties to stipulate in the Court of Appeals to the requisite citizenship facts of a corporate defendant to establish diversity jurisdiction where it is clear that jurisdiction did, in fact, exist. *See McCurdy v. Greyhound Corporation*, 346 F.2d 224, 226 (3d Cir. 1965).

In *Novak v. Capital Management and Development Corporation*, 452 F.3d 902, 907 (D.C. Cir. 2006), the defendants/appellees "conceded" the facts of their corporate citizenships and that those citizenships were diverse from the plaintiff in the Court of Appeals in an instance where the complaint failed to contain allegations regarding the states of incorporation and principal places of business of the defendants. In *Niagara Fire Insurance Company v. Dyess Furniture Co.,* 292 F.2d 232, 233 (5th Cir. 1961), the defendants/appellees "interposed no objection"

to a motion by the appellants in the Court of Appeals to amend their complaint to allege proper corporate citizenship facts.  In the present case, American Express Company; American Express Travel Related Services Company, Inc.; and HealthExtras, Inc. n/k/a Catamaran Corporation concede the facts of their states of incorporation and principal places of business, and that their respective citizenships are completely diverse from plaintiff, and interpose no objection to an amendment of the Complaint in this court to accurately reflect those facts.

Question 3

Question:  If diversity of citizenship was not established in the district court, address whether an amendment of the allegations of jurisdiction is now required. 28 U.S.C. § 1653; *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

Response: 28 U.S.C. § 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  It is stated in *Toms v. Country Quality Meats, Inc.*,  610 F.2d 313, 316 (5th Cir.1980), that "this section should be construed liberally … [and] … is to be construed to permit an action to be brought if it is at all possible to show that jurisdiction exists." 610 F.2d at 316.  In *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, this court "invited" the plaintiff to file a motion in the Court of Appeals for leave to amend

its complaint to properly allege diversity of citizenship and then "urged [the parties] to agree both upon the grant of leave to file such amendment and upon the truth of the allegations of such amendment…."  663 F.3d at 1305.  American Express Company; American Express Travel Related Services Company, Inc.; and HealthExtras, Inc. n/k/a Catamaran Corporation agree to the grant of leave to file an amendment to the Complaint in this case and agree to the corporate citizenship facts set out above in this filing.

In *District of Columbia ex. rel. American Combustion, Inc. v. Transamerica Insurance Company*, the D.C. Circuit Court of Appeals held that:

> Section 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal. If the amended allegations are not contested, and nothing appears to the appellate court that would bar jurisdiction, jurisdiction is deemed proper, despite the plaintiff's usual burden of alleging and proving jurisdiction.

797 F.2d at 1044. The U.S. Court of Appeals for the Seventh Circuit stated in *International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO v. Local Lodge D354*, 897 F.2d 1400 (7th Cir. 1990):

> When, as here, the merits have already been decided and factual questions do not need to be resolved regarding prejudice to the correctly named defendant, it would be a meaningless gesture to remand so that the plaintiff could

> amend its pleading under Rule 15 of the Federal Rules of Civil Procedure. Instead the sensible course is for this Court to permit amendment under 28 U.S.C. § 1653.

897 F.2d at 1400. The U.S. Court of Appeals for the Ninth Circuit has repeatedly permitted amendment of complaints at the appellate level in order to correct defective jurisdictional allegations in complaints. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002), and the cases cited therein; and *Luehrs v. Utah Home Fire Insurance Company*, 450 F.2d 452, 454-55 (9th Cir. 1971), and the cases cited therein.

If the court will not accept the stipulations and concessions of the various defendants/appellants concerning the facts of their corporate citizenship to establish diversity jurisdiction in this case, then " the sensible course is for this Court to permit amendment under 28 U.S.C. § 1653" and American Express Company; American Express Travel Related Services Company, Inc.; and HealthExtras, Inc. n/k/a Catamaran Corporation will agree to the grant of leave to file an amendment to the Complaint to make those jurisdictional allegations.

Conclusion

A court "abuses its discretion when it dismisses an action solely because a plaintiff has incorrectly pled diversity of residence when it is undisputed that actual diversity of citizenship exists." *Swartz v. Prudential Healthcare, Inc.*, 78 Fed.

Docket No. 11-15292-BB
Travaglio v. American Express Company

Appx. 598, 599 (9th Cir. 2003), *citing, Snell v. Cleveland, Inc.*, 316 F.3d at 824. This action should properly be maintained in the Court of Appeals as the jurisdictional facts are undisputed and diversity jurisdiction over the case does, in fact, exist. American Express Company; American Express Travel Related Services Company, Inc.; and HealthExtras, Inc. n/k/a Catamaran Corporation will agree to whatever procedure and mechanism the Court chooses to reach that result, which is the result in this case that is just and proper.

Respectfully submitted,

Kahan Shir, PL
Attorneys for Appellees
American Express Company, American Express Travel Related Services Company, Inc. and Health Extras, Inc. n/k/a Catamaran Health Solutions, Inc.
1800 N.W. Corporate Boulevard
Suite 200
Boca Raton, Florida 33431
Tel: 561-999-5999
Fax: 561-893-0999


By /s/ Joel V. Lumer
     Joel V. Lumer
     Email: jlumer@kahanshir.com


CERTIFICATE OF SERVICE

I certify that a copy hereof was furnished by mail to all persons on the

17

Docket No. 11-15292-BB
Travaglio v. American Express Company

attached Service List this November 8, 2012.

/s/ Joel V. Lumer
Joel V. Lumer

SERVICE LIST

William D. Kramer, Esq.
3721 Running Deer
Sebring, FL 33872

Paul M. Weekly, Esq.
Weekly Schulte Valdes LLC
1635 North Tampa Street
Suite 100
Tampa, FL  33602

Kathleen A. Sweitzer, Esq.
Hillary Rose Zimmer, Esq.
Tressler, LLP
Sears Tower -22d Floor
233 South Wacker Drive
Chicago, IL 60606